IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL L. BROWN, DEANGELO D. ADAMS and ERNEST D. SMITH, | ) ) ) | |
| Plaintiffs, | ) ) ) | NO. 15 CV 1694 |
| vs. | ) ) | JUDGE |
| CHICAGO POLICE OFFICER ERIK SCHREIBER, STAR NO. 4229; CHICAGO POLICE OFFICER MATTHEW J. SEDORY, STAR NO. 15911, CHICAGO POLICE SERGEANT JOSHUA WALLACE, STAR NO. 1700; CHICAGO POLICE OFFICER JON P. VENEGAS, STAR NO. 19469;) CHICAGO POLICE OFFICER SHAUN G. JAUDON, STAR NO. 12119; CHICAGO POLICE OFFICER FERNANDO SOTO, STAR NO. 12313; CHICAGO POLICE OFFICER MICHAEL J. DEARBORN, STAR NO. 6193; OTHER UNKNOWN CHICAGO POLICE OFFICERS, individually and as employee/Agents) of the CITY OF CHICAGO, a Municipal corporation and THE CITY OF CHICAGO, a Municipal Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MAGISTRATE<br><br>JURY DEMAND |
| Defendants. | ) ) ) | |

## COMPLAINT AT LAW

NOW COME, SAMUEL L. BROWN, DEANGELO D. ADAMS and ERNEST D.

SMITH, by and through their attorney, LAW OFFICES OF JEFFREY J. NESLUND;

MICHAEL D. ROBBINS & ASSOCIATES; and LAW OFFICES OF ROBERT ROBERTSON,

and in complaining of the Defendants, CHICAGO POLICE OFFICER ERIK SCHREIBER,

STAR NO. 4229; CHICAGO POLICE OFFICER MATTHEW J. SEDORY, STAR NO. 15911;

CHICAGO POLICE SERGEANT JOSHUA WALLACE, STAR NO. 1700; CHICAGO

POLICE OFFICER JON P. VENEGAS, STAR NO. 19469; CHICAGO POLICE OFFICER

SHAUN G. JAUDON, STAR NO. 12119; CHICAGO POLICE OFFICER FERNANDO SOTO, STAR NO. 12313; CHICAGO POLICE OFFICER MICHAEL J. DEARBORN, STAR NO. 6193; OTHER UNKNOWN CHICAGO POLICE OFFICERS and THE CITY OF CHICAGO, a Municipal Corporation, states as follows:

## INTRODUCTION

1.     This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights.  This Court has jurisdiction pursuant to 28 U.S.C. Secs. 1331 and 1343.

2.     Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3.     Plaintiffs, SAMUEL L. BROWN, DEANGELO D. ADAMS and ERNEST D. SMITH, are individuals who at all times relevant hereto were living in the Northern District of Illinois.

4.      Defendants, CHICAGO POLICE OFFICER ERIK SCHREIBER, STAR NO. 4229; CHICAGO POLICE OFFICER MATTHEW J. SEDORY, STAR NO. 15911; CHICAGO POLICE SERGEANT JOSHUA WALLACE, STAR NO. 1700; CHICAGO POLICE OFFICER JON P. VENEGAS, STAR NO. 19469; CHICAGO POLICE OFFICER SHAUN G. JAUDON, STAR NO. 12119; CHICAGO POLICE OFFICER FERNANDO SOTO, STAR NO. 12313; CHICAGO POLICE OFFICER MICHAEL J. DEARBORN, STAR NO. 6193; and OTHER UNKNOWN CHICAGO POLICE OFFICERS, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

## FACTUAL SUMMARY

2

5. On March 3, 2013, the Plaintiffs were at a family gathering in an apartment located at 7547 South Sangamon Street in Chicago, Illinois.

6. During the family gathering, a group of people, who had not been invited to the gathering, entered the apartment. The uninvited guests were asked to leave, and initially refused to do so.

7. Shortly thereafter, a member of the family called 911 and asked for police assistance to escort the uninvited guests from the premises.

8. As soon as the call to 911 was placed, all of the uninvited guests immediately left the premises.

9. The DEFENDANT OFFICERS, along with numerous other Chicago police officers arrived at 7647 South Sangamon Street in Chicago. The DEFENDANT OFFICERS and other officers entered the building and proceeded to the 3rd floor apartment where the gathering was taking place.

10. Upon arriving, the DEFENDANT OFFICERS did not make any attempt to determine who called the police or what assistance was requested or required, and instead immediately began ordering everyone out of the apartment. When family members, including the person who placed the call to 911, tried to explain to the DEFENDANT OFFICERS that they lived in the apartment, were the ones who had called the police, and that the uninvited guests had all already left the premises, the DEFENDANT OFFICERS became profane, abusive and violent.

11. Plaintiff, ERNEST D. SMITH, who was an invited guest and was not involved in any altercation, was ordered to leave the residence by DEFENDANT OFFICERS. When he attempted to ask the DEFENDANT OFFICERS why he was being ordered to leave the

3

apartment, Mr. SMITH was punched in the face and slammed to the floor by one of the DEFENDANT OFFICERS, without cause or justification, knocking Mr. SMITH unconscious.

12. Plaintiff, SAMUEL L. BROWN, who was an invited guest at the party, was tackled and thrown to the ground, and repeatedly beaten in the head with a dark object by DEFENDANT OFFICER SCHREIBER.

13. In an effort to stop the police from continuing to beat Plaintiff SAMUEL L. BROWN in the head and protect Plaintiff BROWN's head, Plaintiff DEANGELO D. ADAMS tried to cover Plaintiff BROWN'S head with his hand and was himself struck in the hand with a dark object.

14. Plaintiff, DEANGELO D. ADAMS, was handcuffed by the DEFENDANT OFFICERS, following which, he was beaten and his injured hand was twisted by the DEFENDANTS. As a result of the injuries sustained by Plaintiff DEANGELO D. ADAMS, he was taken to the hospital where he complained of pain and swelling in his right hand.

15. In order to cover up their own and each others' misconduct, the DEFENDANT OFFICERS conspired to falsify police reports and initiate false criminal complaints.

16. In attempt to cover up this ongoing police misconduct, DEFENDANT OFFICERS interfered with those family members who were attempting to capture video of the ongoing police misconduct.

17. As a result of this conspiracy and the actions of the officers, the Plaintiff SAMUEL L. BROWN was incarcerated and charged with serious felony charges including Aggravated Battery and Resisting or Obstructing a Peace Officer.

18. Plaintiff SAMUEL L. BROWN'S injuries were so severe, he received numerous staples/stitches to his head. Additionally, due to the head injuries he sustained from the beating,

4

Mr. BROWN has suffered, and continues to suffer from, migraine headaches and seizures and has been diagnosed with having sustained intracranial bleeding. Mr. BROWN continues to have health complications due to the injuries he received as a result of this incident.

19.     As a result of this conspiracy and the actions of the officers, the Plaintiff DEANGELO D. ADAMS was incarcerated and charged with Aggravated Battery and Resisting or Obstructing a Peace Officer.

20.     As a result of this conspiracy and the actions of the officers, the Plaintiff ERNEST D. SMITH was incarcerated and charged with Aggravated Battery.

21.     On June 4, 2014, the Plaintiff SAMUEL L. BROWN was found not guilty of all felony charges initiated by the DEFENDANT OFFICERS, and guilty of misdemeanor resisting arrest following a bench trial.

22.     On June 4, 2014, the Plaintiff DEANGELO D. ADAMS was found not guilty of all charges initiated by the DEFENDANT OFFICERS following a bench trial.

23.     On June 4, 2014, the Plaintiff ERNEST D. SMITH was found not guilty of all charges initiated by the DEFENDANT OFFICERS following a bench trial.

### COUNT I
### 42 U.S.C. § 1983: False Arrest/Unlawful Detention
**(By Plaintiff Adams against Defendants Sedory, Schrieber, Venegas and Jaudon)**
**(By Plaintiff Smith against Defendants Wallace, Dearborn, and Soto)**

24.     Plaintiffs re-allege and incorporate paragraphs 1-23 as fully stated herein.

25.     As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained Plaintiffs without justification and without probable cause.

26.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiffs.

5

27. As a result of the above-described wrongful infringement of Plaintiffs' rights, Plaintiffs suffered damages, including but not limited to mental distress and anguish.

## COUNT II
### 42 U.S.C. § 1983: Excessive Force
**(By Plaintiff Brown against Defendants Sedory and Schrieber)**
**(By Plaintiff Adams against Defendants Sedory, Schrieber, and Jaudon)**
**(By Plaintiff Smith against Defendants Wallace and Dearborn)**

26. Plaintiffs re-allege and incorporates paragraphs 1-23 above as fully stated herein.

27. The acts of the DEFENDANT OFFICERS were a deliberate and malicious deprivation of the Plaintiffs' constitutional rights against excessive force as guaranteed to the Plaintiffs by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

28. As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANT OFFICERS, the Plaintiffs suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. 1983.

## COUNT III
### Section 1983 Conspiracy Claims
**(By All Plaintiffs against All Defendants)**

29. Plaintiffs re-allege and incorporate paragraphs 1-23 above as fully stated herein.

30. In agreeing to falsely charge Plaintiffs with a criminal offense without any reason to believe the Plaintiffs had committed a crime, the DEFENDANT OFFICERS acted in concert with each other to intentionally deprive Plaintiffs of their Constitutional rights under color of law.

31. In furtherance of this conspiracy, the DEFENDANT OFFICERS took overt acts in fabricating false police reports, criminal complaints and giving false testimony under oath, in

an effort to unlawfully convict Plaintiffs of a criminal offense, all in violation of both state and federal law.

32. In furtherance of this conspiracy, the DEFENDANT OFFICERS took overt acts in interfering with video recording of their ongoing misconduct in an effort to unlawfully convict Plaintiffs of a criminal offense, all in violation of both state and federal law.

33. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiffs.

34. As a result of the above-described wrongful infringement of Plaintiffs' rights, they have suffered financial and other damages, including but not limited to emotional stress and anguish.

35. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

### COUNT IV
### Failure to Intervene
### (By All Plaintiffs against All Defendants)

36. Plaintiffs re-allege and incorporate paragraphs 1-23 above as fully stated herein.

37. DEFENDANT OFFICERS failed to intervene and prevent injury to Plaintiffs.

38. DEFENDANT OFFICERS had a realistic opportunity to prevent or limit the harm to Plaintiffs and failed to take reasonable steps to prevent the harm from occurring to the Plaintiffs.

39. DEFENDANT OFFICERS' failure to take reasonable steps to prevent harm from occurring to the Plaintiffs caused harm to the Plaintiffs, including, but not limited to, physical pain and suffering and mental stress and anguish.

7

40. The conduct described in this Count was undertaken by DEFENDANT OFFICERS under the color of law and within the scope of their employment such that their employer, the CITY of CHICAGO, is liable for their actions.

## COUNT V
### State Law Claim:  Assault and Battery
**(By Plaintiff Brown against Defendants Sedory and Schrieber)**
**(By Plaintiff Adams against Defendants Sedory, Schrieber, and Jaudon)**
**(By Plaintiff Smith against Defendants Wallace and Dearborn)**

41. Plaintiffs re-allege and incorporate paragraphs 1-23 as fully stated herein.

42. As described in the preceding paragraphs, the conduct of DEFENDANT OFFICERS, acting under color of law and within the scope of their employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiff's bodily injuries.

43. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

44. The misconduct described in this Court was undertaken by the DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

## COUNT VI
### State Law Claim: Malicious Prosecution
**(By Plaintiff Brown against Defendants Sedory, Schrieber, Venegas and Jaudon)**
**(By Plaintiff Adams against Defendants Sedory, Schrieber, Venegas and Jaudon)**
**(By Plaintiff Smith against Defendants Wallace, Dearborn, and Soto)**

45. Plaintiffs re-allege and incorporate paragraphs 1-23 as fully stated herein.

46. As described above, DEFENDANT OFFICERS falsely arrested and unlawfully detained Plaintiffs without justification and without probable cause.

47.     Plaintiffs were improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiffs' favor.

48.     DEFENDANT OFFICERS accused Plaintiffs of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

49.     Statements of DEFENDANT OFFICERS regarding Plaintiffs' alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the DEFENDANT OFFICERS fabricated evidence and withheld exculpatory information.

50.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

51.     As a result of the above-described wrongful infringement of Plaintiffs' rights, Plaintiffs suffered financial and other damages, including but not limited to substantial mental stress and anguish, and the loss of liberty.

52.     The misconduct described in this Count was undertaken by DEFENDANT OFFICERS within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

**COUNT VII**
**State Law Claim: Indemnification**
**(By all Plaintiffs Against Defendant City of Chicago)**

53.     Plaintiffs re-allege and incorporate paragraphs 1-23 as fully stated herein.

54.     In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

55.     DEFENDANT OFFICERS are or were employees of the CITY OF CHICAGO

and acted within the scope of their employment in committing the misconduct described herein.

### REQUEST FOR RELIEF

56.     Plaintiffs, SAMUEL L. BROWN, DEANGELO D. ADAMS and ERNEST D.

SMITH, respectfully request that the Court:

a.      Enter a judgment in their favor and against Defendants, CHICAGO POLICE OFFICER ERIK SCHREIBER, STAR NO. 4229; CHICAGO POLICE OFFICER MATTHEW J. SEDORY, STAR NO. 15911; CHICAGO POLICE SERGEANT JOSHUA WALLACE, STAR NO. 1700; CHICAGO POLICE OFFICER JON P. VENEGAS, STAR NO. 19469; CHICAGO POLICE OFFICER SHAUN G. JAUDON, STAR NO. 12119; CHICAGO POLICE OFFICER FERNANDO SOTO, STAR NO. 12313; CHICAGO POLICE OFFICER MICHAEL J. DEARBORN, STAR NO. 6193; and OTHER UNKNOWN CHICAGO POLICE OFFICERS and THE CITY OF CHICAGO;

b.      Award compensatory damages Defendants, CHICAGO POLICE OFFICER ERIK SCHREIBER, STAR NO. 4229; CHICAGO POLICE OFFICER MATTHEW J. SEDORY, STAR NO. 15911; CHICAGO POLICE SERGEANT JOSHUA WALLACE, STAR NO. 1700; CHICAGO POLICE OFFICER JON P. VENEGAS, STAR NO. 19469; CHICAGO POLICE OFFICER SHAUN G. JAUDON, STAR NO. 12119; CHICAGO POLICE OFFICER FERNANDO SOTO, STAR NO. 12313; CHICAGO POLICE OFFICER MICHAEL J. DEARBORN, STAR NO. 6193; and OTHER UNKNOWN CHICAGO POLICE OFFICERS and THE CITY OF CHICAGO;

c.      Award attorney's fees against Defendants, CHICAGO POLICE OFFICER ERIK SCHREIBER, STAR NO. 4229; CHICAGO POLICE OFFICER MATTHEW J. SEDORY, STAR NO. 15911; CHICAGO POLICE SERGEANT JOSHUA WALLACE, STAR NO. 1700; CHICAGO POLICE OFFICER JON P. VENEGAS, STAR NO. 19469; CHICAGO POLICE OFFICER SHAUN G. JAUDON, STAR NO. 12119; CHICAGO POLICE OFFICER FERNANDO SOTO, STAR NO. 12313; CHICAGO POLICE OFFICER MICHAEL J. DEARBORN, STAR NO. 6193; and OTHER UNKNOWN CHICAGO POLICE OFFICERS and THE CITY OF CHICAGO;

d.      Award punitive damages against Defendants, CHICAGO POLICE OFFICER ERIK SCHREIBER, STAR NO. 4229; CHICAGO POLICE OFFICER MATTHEW J. SEDORY, STAR NO. 15911; CHICAGO

POLICE SERGEANT JOSHUA WALLACE, STAR NO. 1700; CHICAGO POLICE OFFICER JON P. VENEGAS, STAR NO. 19469; CHICAGO POLICE OFFICER SHAUN G. JAUDON, STAR NO. 12119; CHICAGO POLICE OFFICER FERNANDO SOTO, STAR NO. 12313; CHICAGO POLICE OFFICER MICHAEL J. DEARBORN, STAR NO. 6193; and OTHER UNKNOWN CHICAGO POLICE OFFICERS and THE CITY OF CHICAGO;DEFENDANTS CHICAGO POLICE OFFICER LEE HILL, JR., STAR #8434; CHICAGO DETENTION AIDE L. RODRIGUEZ; and OTHER UNKNOWN CHICAGO POLICE OFFICERS;

e.   Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs, SAMUEL L. BROWN, DEANGELO D. ADAMS and ERNEST D. SMITH, demand a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Michael D. Robbins
MICHAEL D. ROBBINS
One of the Attorneys for Plaintiffs

Michael D. Robbins
Michael D. Robbins & Associates
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 899-8000

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-1100

Robert Robertson
Law Offices of Robert Robertson
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-8600